**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER COLE, et al.,** | ) | **Case No.  1:06 CV 1811** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| **vs.** | ) | |
| | ) | |
| **BARBARA COOK, as Trustee of the** | ) | **MEMORANDUM OF OPINION** |
| **Robert S. Cook Trust, etc.,** | ) | **AND ORDER** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court recently raised the question of whether it has subject matter jurisdiction over this case and, after reviewing the parties' briefs, the case law, the amended complaint and the record, concludes for the reasons to follow that it does not have such jurisdiction. Accordingly, the case is hereby **DISMISSED WITHOUT PREJUDICE**.

**I.**

On July 27, 2006, Plaintiffs Christopher Cole, Theodore Altfeld and Ronald Billings filed the instant case against Defendants Barbara Cook, as Trustee of the Robert S. Cook Trust, as Trustee of the Robert S. Cook Marital Trust and as Executrix of the Estate of Robert S. Cook (collectively, "Cook"), and the Internal Revenue Service. *ECF No. 1* ("Compl."). The case involves a shareholder dispute regarding two closely-held corporations: Puritas Metal Products, Inc. ("Puritas") and Rhenium Alloys, Inc. ("Rhenium"). The Complaint (which was superceded by an Amended Complaint) alleged the following facts:

Plaintiff Cole is the owner of approximately twenty-five percent (25%) of the outstanding shares of Puritas and Plaintiffs Altfeld and Billings are minority owners of shares of Puritas and Rhenium.  *Compl*. ¶¶ 1, 2.  Previously, Robert S. Cook, the husband of Defendant Barbara Cook, was the owner of approximately seventy-four percent (74%) of the outstanding shares of Puritas and owned the vast majority of the outstanding shares of Rhenium.  *Id*. ¶ 11.  In August 1997, the Puritas shareholders elected to have Puritas be taxed under Subchapter S of the Internal Revenue Code ("IRC"), and the Rhenium shareholders followed suit.  *Id*. ¶¶ 17, 18.  The significance of this election is that the corporation no longer pays any federal income tax; rather, the corporation's profits and losses flow through to the individual shareholders according to their percentage of ownership and are reported on the individual shareholders' personal federal income tax returns.  *Id*.

In January 1998, Robert Cook created the Cook Trust and, in August 1998, transferred all his shares of Puritas and Rhenium to that Trust.  *Id*.  Robert Cook died on February 19, 2002.  *Compl*. ¶ 12.  Under the terms of the Agreement creating the Cook Trust, upon Robert's death, the terms of the Trust became irrevocable and certain dispositions of the Trust assets were to occur, after which the remaining assets were to be placed into a separate Marital Trust.  *Id*. ¶ 14.  Although it is not entirely clear from the complaint, it appears that, following Robert's death, a conflict arose among the shareholders that resulted in the removal of some or all of Plaintiffs from the Board of Directors of Puritas and Rhenium, *id*. ¶ 10, the removal of Cole as President of Puritas,[1] and the unilateral amendment of the Codes of

---

[1]Although the Complaint states that Cole is currently the President of Puritas, *id*. ¶¶ 9, 10, the Court held a teleconference with counsel on November 9, 2006, at which time Cole's counsel stated that Cole had been "squeezed out" of that office by the Cook majority on May 5, 2006, and that Cole refuses to leave that office and has filed an ejectment action in Lorain County Court of

Regulations of both Puritas and Rhenium by Barbara Cook (or one of the Trustees) in March

2006 providing that any shareholder who caused the termination of either corporation's "S" tax

status to indemnify the corporation and the other shareholders for any taxes, penalties and

interest associated with said termination.  *Id.* ¶¶ 26.

Based on these facts, Plaintiffs filed a (now-superceded) Complaint against

Defendants and the Internal Revenue Service ("IRS") under the Federal Declaratory Judgment

Statute, 28 U.S.C. § 2201, asserting that the district court has subject matter jurisdiction over the

complaint under the federal question statute, 28 U.S.C. § 1331, because Plaintiffs are seeking

"an interpretation of certain provisions of the Internal Revenue Code."  *ECF No. 1* ¶¶ 6, 8.  In

the First Cause of Action, Plaintiffs sought a declaration from this Court as to whether Puritas

and Rhenium lost their status as an S corporation and, if so, when this status was lost as well as a

declaration that Cook is responsible for that lost status.  The Second Cause of Action sought

indemnification from Cook for any negative tax consequences incurred as a result of Puritas' and

Rhenium's loss of their S corporation status, along with attorney fees and costs.

On September 28, 2006, the IRS subsequently filed an answer asserting as a

defense that the Court lacks subject matter jurisdiction over the complaint because the United

States, as a sovereign, may not be sued without its consent;  Plaintiffs have cited no statute

wherein Congress waived the government's sovereign immunity;  the federal question statute,

28 U.S.C. § 1331, while a general jurisdictional statute, provides no waiver of sovereign

---

Common Pleas.  Counsel for Cook stated that Cole is using Puritas funds to pay for his personal
legal fees, and that he has caused an unauthorized, duplicate federal tax return to be filed on behalf
of Puritas, claiming that Puritas is a C Corporation, not an S Corporation.

immunity; and the Federal Declaratory Statute, 28 U.S.C. § 2201, explicitly excludes federal tax cases from the Court's authority to issue declaratory judgments.  *ECF No. 9*, at 1-2.

On October 16, 2006, Cook filed an answer and counterclaims against Plaintiff Cole for interference with her statutory shareholder rights (Count One), wrongful assertion of dominion and control over the shares of Puritas (Count Two), and wrongfully taking money from Puritas and using it for his own benefit (Count Three).  She filed a counterclaim against Plaintiffs Altfeld and Billings for breach of fiduciary duty (Count Four).  *See ECF No. 10.*

After reviewing the record, the Court held a teleconference with counsel on November 9, 2006 to discuss whether the Court had jurisdiction over this declaratory judgment action, given the seemingly clear admonition to the contrary contained in 28 U.S.C. § 2201. Counsel informed the Court that on April 17, 2006, the IRS issued a notice stating its conclusion that Rhenium continues to qualify for S corporation status and, on May 1, 2006, the IRS issued a notice stating its conclusion that the Cook Trust continues to qualify as an S corporation. However, the question of whether Puritas continues to qualify as an S corporation is presently before the IRS.  Because the Federal Declaratory Judgment Statute plainly precludes these types of actions and because the question of either of the corporations' status is before the IRS, the Court directed Plaintiffs to either dismiss their complaint on or before November 20, 2006, or file a memorandum with adequate authority demonstrating that the Court does in fact have subject matter jurisdiction over this case.[2]  *See non-document entry of November 9, 2006 and ECF No. 13.*

---

[2]The Court noted that there is currently pending in the Lorain County Court of Common Pleas a case between the parties regarding who controls Puritas and Rhenium.  *ECF No. 13.*

Plaintiffs thereafter filed a motion to dismiss the IRS (which the Court granted), *ECF Nos. 14, 15*, a motion for leave to file an amended complaint (which the Court granted), *ECF Nos. 17-19*, an amended complaint, *ECF No. 19*, and a brief in support of subject matter jurisdiction, *ECF No. 16*.

Although the Amended Complaint no longer contains any reference to the Federal Declaratory Judgment Statute and purports only to bring an indemnification claim, the following allegation dictates otherwise:

> In the event Puritas and Rhenium are determined through these proceedings to have been improperly filing federal income tax returns as an S corporation rather than as [a] corporation taxed under Subchapter C of the IRC, then Puritas and Rhenium may owe back taxes, penalties and interest. . . .

*Am. Compl.* ¶ 25; *see also id.* ¶¶ 23, 27.

Plaintiffs' jurisdictional brief asserts that:

> [a]fter careful analysis and thought concerning the application of 28 U.S.C. § 2201, Plaintiffs agree with the Court that under that statute this Court does not have subject matter jurisdiction to issue a <u>declaratory judgment</u> on the issues of Federal tax law.  However, this does not necessarily mean that this Court would not have subject matter jurisdiction over all issues concerning Federal tax law.  In short, it is solely the remedy of a declaratory judgment initially sought by Plaintiffs which is offensive to the law; the law does not prohibit this Court from deciding all issues and claims simply because they may involve interpretation and application of this area of law.

*ECF No. 16*, at 1-2 (emphasis in original).

Meanwhile, Cook filed a Memorandum on Subject Matter Jurisdiction asserting that the Sixth Circuit is currently reviewing the jurisdictional issue presented in the instant case in *Mikulski v. Centerior Energy Corp.*, 435 F.3d 666 (6th Cir. 2006), and asks the Court to stay this issue pending that court's resolution.  *ECF No. 21*.  The Court concludes that it need not stay

-5-

the case pending the Sixth Circuit's rehearing of *Mikulski* in order to resolve the jurisdictional issue in this case.

Federal Courts are courts of limited jurisdiction; thus, any doubts about the district court's jurisdiction must be resolved against it.  The Court concludes that it lacks subject matter jurisdiction over the Amended Complaint.  This case involves a dispute among shareholders over tax issues that have either been resolved in Plaintiffs' favor (with respect to Rhenium) or are currently pending before the IRS (with respect to the tax status of Puritas).  There is no allegation that the IRS is seeking back taxes from Plaintiffs, or that it has assessed any penalties against them.  The IRS has issued no adverse ruling against Plaintiffs.  Because there is no actual case or controversy, Plaintiffs' indemnification claim is premature and any decision I issue in this case would be advisory only.  Moreover, in the event the IRS does issue a ruling against Plaintiffs with respect to Puritas, the law provides a vehicle to challenge such a ruling.  Only after all challenges have failed would Plaintiffs have a claim for indemnification.[3]

Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster    December 22, 2006*
**Dan Aaron Polster**
**United States District Judge**

_____

[3]All of Cook's counterclaims arise under state law.  In the absence of a live federal question controversy, the Court lacks jurisdiction over these claims.  Cook is, of course, free to pursue them in state court.

-6-